Argued December 20, 1974, reversed and remanded
January 20, 1975

# THE HOME PLATE, INC. VIRGINIA WHEEL,
*Petitioner, v.*
# OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

530 P2d 862

*Robert L. Olson,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

■ The petitioner appeals from an order of the Oregon Liquor Control Commission denying it a Class "B" dispenser's license, ORS 472.110 (3). The order reads:

*"FINDINGS OF FACT*

"Mr. and Mrs. Waymon Shadwick, sole owners of The Home Plate, Inc., applicant for a Dispenser license in the trade name of The Virginia Wheel were present and represented by Robert Olson, Attorney at Law. The Virginia Wheel has food service 24 hours a day and gross sales ranging from $14,000 to $16,000 per month. The Commission noted and considered Petition consisting of some 1,091 signed petitioners requesting the issuance of license for extended privileges which was admitted into the hearing's record as evidence under OLCC Rule 10-815 Community Criteria (4). At the present time there are other dispenser licenses in the neighborhood, specifically: The Brite Spot (across the street); El Sombrero; Charlie Browns (24 blocks); Allegretto's (25 blocks); Bechtold's (36 blocks).

*"ULTIMATE FACTS*

"The number of outlets in the area indicate the area is adequately served. The granting of the license in the locality set out in the application (4901 S.E. Hawthorne, Portland, Oregon) is not demanded by public interest or convenience.

*"FINAL ORDER*

"The application of The Home Plate, Inc. for Dispenser Class B license at 4901 S.E. Hawthorne Blvd., Portland, Oregon, is refused."

ORS 472.160(1) states:

"The commission may refuse any applicant if it has reasonable grounds to believe:

"(1) That there are sufficient licensed premises in the locality set out in the application, or that the granting of a license in the locality set out in the application is not demanded by public interest or convenience."

The order states there are five existing licensees within 36 blocks of the petitioner's premises but says nothing as to why this is an adequate number for this particular area. It says nothing as to why the granting of a license sought by the petitioner is not demanded by public interest or convenience except that "[it] is not demanded by public interest or convenience." The order is insufficient. *See, Bekins Moving & Storage v. P.U.C.,* 19 Or App 762, 529 P2d 413 (1974), and *Graham v. OLCC,* 20 Or App 97, 530 P2d 858 (1975).

██ If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis—we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes. Brevity is not always a virtue. The less circumscribed an agency is by the legislative grant of power to it and by its own regulations augmenting

that grant, the more detailed and precise its explanation of its actions exercising the powers granted to it must be. Few, if any, Oregon agencies operate under statutes or regulations that are less specific than those governing the Oregon Liquor Control Commission.

Reversed and remanded.