Argued March 24, reversed and remanded April 21, 1975

# BATTLE CREEK GOLF COURSE, INC., *Petitioner, v.* OREGON LIQUOR CONTROL COMMISSION (3908), *Respondent.*

534 P2d 204

*J. Ray Rhoten,* Salem, argued the cause for petitioner. With him on the brief were Rhoten, Rhoten & Speerstra and Keith J. Bauer, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before FOLEY, Presiding Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Petitioner, Battle Creek Golf Course, Inc., seeks judicial review of the Oregon Liquor Control Commission's (OLCC) refusal to grant it a license expanding its privilege from a retail malt beverage Class A license to a Class A dispenser's license (liquor by the drink). ORS 183.480.

This court reversed and remanded the OLCC's prior decision in this case, *Battle Creek Golf Course v. OLCC,* 16 Or App 320, 517 P2d 1233 (1974), on the basis of *Sun Ray Dairy v. OLCC,* 16 Or App 63, 517 P2d 289 (1973). Thereafter OLCC adopted certain additional rules. The OLCC then granted petitioner a new hearing and again denied its application. The instant petition for review arises out of the OLCC's second denial.

Petitioner contends that the OLCC acted arbitrarily and capriciously in that it (1) based its decision, in part, upon its determination that petitioner's food sales were insufficient when, in fact, no rules requiring any specific amount of food sales had been promulgated; (2) based its decision, in part, upon the limited

number of licenses available under the statutory quota when, in fact, there were sufficient licenses available to grant one to petitioner; and (3) failed to precisely state what it found to be the facts and to explain why the facts supported its order. Petitioner further contends that the Court of Appeals has jurisdiction to direct the OLCC to issue it a license.

The September 24, 1974 order refusing petitioner's application reads:

## "FINDINGS OF FACT

"Battle Creek Golf Course, Inc., applicant for greater privilege from Retail Malt Beverage License to Dispenser Class A License in trade name Battle Creek Golf Course located at 6161 Commercial Street, S.E., Salem, Oregon, was represented by William G. Stevely, Corporation President, and J. Ray Rhoten, Attorney at Law, Salem, Oregon. Battle Creek Golf Course is a public facility which opened in 1961 and is located in a semi-rural area within the City Limits of Salem, Oregon, which area is rapidly being transformed into residential property by housing projects. Within a one and one-half mile radius of the Golf Course, there have been in excess of 300 residential dwellings completed within the past year with an additional 400 dwellings in the planning or construction stage, and as of May 14, 1973, within a three mile radius there have been 1317 new family residences recently completed with 1015 other dwellings having been approved or under construction. From April 1, 1973, to March 31, 1974, applicant had $49,500.00 in total gross food sales and the premise now seats 44 in the dining area with twenty additional in the bar; however, seating will be increased by construction if the greater privilege is granted. There are three other dispenser licenses in the area, namely: Colonial House 1.2 miles, Eddie's Supper Club 2.5 miles and Randall's Chuck Wagon 3.2 miles.

## "ULTIMATE FACTS

"Applicants have relatively low food sales. There are sufficient licenses in locality of applicant's site, and the granting of the license is not demanded by public interest or convenience.

## "CONCLUSIONS OF LAW

"The Commission, pursuant to ORS 472.160(1), may properly refuse to grant to applicant the license sought in that there are sufficient licensed premises in the locality set out in the application and the granting of the license is not demanded by public interest or convenience.

## "FINAL ORDER

"That the application for Dispenser Class A License for Battle Creek Golf Course, 6161 Commercial Street, S.E., Salem, Oregon, is refused."

In its first assignment of error, petitioner contends that the OLCC acted arbitrarily in basing its decision in part upon the amount of petitioner's food sales.

A close examination of the OLCC's final order reveals that while there are references to food sales in the "Findings of Fact" and in the "Ultimate Facts," the "Conclusions of Law" make no reference to food sales. Thus, we are uncertain as to whether the amount of food sales was actually considered by the OLCC as a part of the legal basis for denying petitioner's license. Accordingly for the reasons which are explained hereafter under petitioner's third assignment, this omission requires that the instant proceeding be again remanded to the OLCC for further consideration. We, therefore, do not consider petitioner's first assignment of error.

Petitioner's second assignment is that OLCC based its decision in part upon the limited number of

licenses available under the statutory quota. ORS 472.110(4). Petitioner points to testimony elicited from OLCC's personnel during the hearing indicating that OLCC has a policy of holding back part of the statutory quota for future applicants. Petitioner argues that OLCC has no authority to do this; that there are in fact sufficient licenses available to grant one to petitioner.

Although it is not clear from the record that the above described policy was a factor in the denial of petitioner's application, in view of the fact that this case must be remanded on other grounds we deem it expedient that we deal with this assignment at this time.

ORS 472.110(4) provides:

"The total number of licensed premises dispensing distilled liquor pursuant to this chapter shall not in the aggregate at any time exceed one such licensed premises for each 2,000 population in the state, determined according to the last available estimated quarterly State Board of Higher Education figures."

■ The legislature has vested the OLCC with broad discretionary power to grant or refuse licenses. *Olds v. Kirkpatrick et al.,* 183 Or 105, 191 P2d 641 (1948). This necessarily carries with it the authority to determine the allocation of those licenses.

■■ Since under its police power the state has the power to prohibit entirely the sale of intoxicating liquor, it may *a fortiori* limit the number of licenses in any lawful way it sees fit. *Randles v. State Liquor Control Bd.,* 33 Wash2d 688, 206 P2d 1209, 9 ALR2d 531 (1949). *See,* 45 Am Jur2d 580-83, Intoxicating Liquors §§ 134-137 (1969). It is our conclusion that OLCC is not required to issue all of its statutory quota of licenses to all qualified applicants on a first-

come, first-served basis, and could properly consider the limited number of licenses it may issue in terms of the "public interest or convenience" in the future, as well as the present. ORS 472.160(1).

With respect to petitioner's third assignment of error, it is clear from the OLCC's conclusions of law that its decision was based on authority granted in ORS 472.160(1)[1], which allows the OLCC to refuse to grant a license when there are sufficient licensed premises in the locality, and the granting of the license is not demanded by public interest or convenience.

■ In its third assignment petitioner contends that OLCC's order must be set aside because it failed to state what it found to be the facts and to explain why the facts supported its order. This assignment is well founded.

*Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975), is directly in point. In *Home Plate* we reversed and remanded the OLCC's order, stating:
"* * * * *

The order states there are five existing licensees within 36 blocks of the petitioner's premises but says nothing as to why this is an adequate number for this particular area. It says nothing as to why the granting of a license sought by the petitioner is not demanded by public interest or convenience except that '[it] is not demanded by public interest or convenience.' The order is insufficient. *See, Bekins Moving & Storage v. P.U.C.,* 19 Or App 762, 529 P2d 413 (1974), and *Graham v. OLCC,* 20 Or App 97, 530 P2d 858 (1975).

---

[1] ORS 472.160(1) states:

"The commission may refuse any applicant if it has reasonable grounds to believe:

"(1) That there are sufficient licensed premises in the locality set out in the application, or that the granting of a license in the locality set out in the application is not demanded by public interest or convenience."

"If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis—we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes. * * *" 20 Or App at 190.

Based on the holding of *Home Plate, Inc. v. OLCC,* supra, we find that the order of the OLCC in this case is insufficient.

Reversed and remanded.