Argued June 16, affirmed July 14, 1975

# STATE OF OREGON, *Respondent, v.* WINIFRED LOU SILKO (No. 74-1337-C-1), *Appellant.*

538 P2d 76

*Donald M. Pinnock,* Ashland, argued the cause for appellant. With him on the brief were Davis, Ainsworth & Pinnock, Ashland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant appeals from a conviction for illegal transportation of alcoholic liquor. ORS 471.405(2).[1] Her sole assignment of error is that the circuit court erred in overruling her demurrer to the complaint.

Defendant was first tried and convicted in district court and appealed her conviction to the circuit court. At both levels she demurred to the complaint on the ground that the statute is an unconstitutional violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Art

---

[1] ORS 471.405(2) provides:

"No person shall purchase, possess, transport or import, except for sacramental purposes, alcoholic liquor unless it is procured from or through the commission, except as provided otherwise in the Liquor Control Act."

I, § 1, of the Bill of Rights of the Oregon Constitution.[2]

Defendant argues that the state cannot prevent persons from bringing into the state alcoholic liquor purchased elsewhere so long as such possession is intended for personal consumption and not for resale.

■ We cannot accept defendant's argument. The Twenty-first Amendment to the United States Constitution allows the states broad regulatory power over liquor traffic within their boundaries. *Seagram & Sons v. Hostetter,* 384 US 35, 86 S Ct 1254, 16 L Ed 2d 336 (1966). Indeed, a state may absolutely prohibit the manufacture, sale, possession or transportation of alcoholic liquor, and may adopt measures reasonably appropriate to effectuate such prohibition. *Ziffrin, Inc. v. Reeves,* 308 US 132, 60 S Ct 163, 84 L Ed 128 (1939). It follows that if a state may prohibit entirely the sale, possession, manufacture or transportation of alcoholic liquor, it may permit these things under definitely prescribed conditions. *Ziffrin, Inc. v. Reeves,* supra; *cf., State v. Raper,* 174 Or 252, 149 P2d 165 (1944); *Battle Creek Golf Course v. OLCC,* 21 Or App 179, 534 P2d 204 (1975).

■ We interpret defendant's claim that ORS 471.405 violates the Due Process Clause of the Fourteenth Amendment as referring to substantive, rather than procedural, due process. This claim cannot be sustained. As Prof. Hans Linde points out in his article *Without "Due Process,"* 49 Or L Rev 125 (1970), the United States Supreme Court, since *Nebbia v. New York,* 291 US 502, 54 S Ct 505, 78 L Ed 940 (1934), has consistently rejected challenges that a particular state or municipal regulatory policy deprives the complainant of substantive due process guaranteed by

---

[2] Defendant, a Washington resident, does not contend that the application of ORS 471.405(2) is unconstitutional to her based on the theory that Oregon cannot prohibit the shipment of intoxicants through the state for consumption elsewhere.

the Fourteenth Amendment, unless grounded on a right protected by another amendment such as the First, Fourth or Fifth. No such argument is made here.

■ We conclude that limiting the possession or transportation of alcoholic liquor within the state to liquor procured from or through the Oregon Liquor Control Commission is within the state's authority to regulate alcoholic liquor within its boundaries.

Affirmed.