Argued April 27, affirmed June 21, reconsideration denied July 28, petition for review denied September 1, 1976

GRAHAM et ux, *Petitioners,*

*v.*

OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(CA 5392)

551 P2d 112

Argued and submitted April 27, 1976.

*Jack L. Joyce,* Philomath, argued the cause and filed the brief for petitioners.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

## FOLEY, J.

Respondent Oregon Liquor Control Commission (OLCC) denied petitioners' application for a Retail Malt Beverage Class C license in 1974. Upon review by this court in January 1975, we remanded to OLCC with instructions to make findings of fact and conclusions of law as required by ORS 183.470. *See Graham v. OLCC,* 20 Or App 97, 530 P2d 858 (1975). Thereafter, in September 1975, OLCC made its "Final Findings of Fact and Conclusions of Law Pursuant to Remand of the Court of Appeals." Petitioners again seek judicial review of the order denying their application for a retail license, contending that the Commission (1) does not have adequate standards for application with respect to parking facilities and the proximity of an outlet to schools and churches, (2) did not rationally apply its regulations with respect to community criteria, (3) did not make adequate findings on contested issues, and, finally, petitioners contend that the final order is not supported by substantial evidence.

The applicable regulations of the Commission regarding parking and proximity to schools and churches provide that the Commission will consider:

"* * * * *

"(6) The effect of the subject liquor outlet on traffic and traffic control.

"* * * * *

"(8) The proximity to the subject liquor outlet of schools, churches * * *.

"* * * * *." Oregon Administrative Rules, ch 845, § 10-715 (OAR 845-10-715).

"The availability of adequate off-street and on-street parking for the subject liquor outlet." OAR 845-10-720(4).

In *Sun Ray Drive-In Dairy v. OLCC,* 20 Or App 91, 95, 530 P2d 887 (1975), we said:

"* * * It is the duty of the Commission to make a rational application of the statutory guidelines and its

[ 761 ]

own regulations which are to be applied to the various conflicting interests necessarily involved in nearly every license application. The Commission must have certain latitude in applying these criteria to conflicting interests. * * *"

We believe that the foregoing regulations together with those relating to determining public opinion and whether the area is adequately served sufficiently advise applicants of the considerations the Commission will apply to requests for licenses. Having given notice of the factors it will consider in applications for licenses, the Commission is required to exercise its judgment. Here, the Commission made its factual findings and properly proceeded to the next step and exercised its judgment.

Petitioners next contend that OLCC did not rationally apply its own regulations with respect to community criteria. The Commission considered the population of the city of Corvallis and its student population, parking and the number of outlets available in the immediate area. The Commission is not bound to make a finding in every case on all criteria listed in its regulations. The petitioners are apparently requesting that this court exercise its own judgment as to whether a license should have been issued. However, judicial scrutiny of the activities of an administrative agency is "* * * not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis * * *." *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975); *Battle Creek Golf Course v. OLCC,* 21 Or App 179, 534 P2d 204 (1975).

In the case at bar the Commission's order sets forth the facts the Commission relied upon and explains why those facts led to the decision it made. While some might disagree with the decision, unless we can say it is "arbitrary" or "ad hoc," it will not be disturbed. The

Commission's decision was not arbitrary nor can we say it was based on considerations not applied generally.

The same applies to the balance of petitioners' assignments. The Commission's findings are specific and there is substantial evidence in the record to support those findings.

Affirmed.

**THORNTON, J.,** dissenting.

Petitioners are seeking to obtain a Retail Malt Beverage Class C license to serve beer and wine at their restaurant, which is located across the street from the campus of Oregon State University (OSU).

There was testimony that the Oregon Liquor Control Commission (OLCC) has granted one or more Retail Malt Beverage Class C licenses to similar establishments adjacent to the University of Oregon campus (and possibly Portland State University also), and that such establishments are presently serving beer and wine. The state does not deny this. From my examination of the record, I can find no rational basis for granting these licenses but denying a license adjacent to OSU. Absent a showing by the OLCC of a rational basis for this distinction I believe that the OLCC's order of denial is contrary to law and not supported by substantial evidence. Oregon Constitution, Art I, § 20;[1] ORS 183.482(8)(a), (b) and (d). Therefore, I would reverse and remand for further consideration of petitioner's application. *See, Home Plate, Inc. v. OLCC,* 20 Or App 188, 190-91, 530 P2d 862 (1975); 45 Am Jur2d 508-09, Intoxicating Liquors, § 31 (Uniformity, Discrimination) (1969).

---

[1] Art I, § 20, Oregon Constitution, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."