Argued October 22, 1976, affirmed January 17, reconsideration denied
February 16, 1977

SINCLAIR, *Petitioner - Cross-Respondent,*

*v.*

EMPLOYMENT RELATIONS BOARD, *Respondent,*
SISTERS OF ST. JOSEPH OF PEACE,
*Respondent - Cross-Petitioner.*
(No. UP-12-74, CA 6386)

558 P2d 852

Robert D. Durham, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs were Kulongoski, Heid, Durham & Drummonds, Eugene.

No appearance for respondent Employment Relations Board.

Louis B. Livingston, Portland, argued the cause for respondent - cross-petitioner Sisters of St. Joseph of Peace d/b/a Sacred Heart General Hospital. With him on the brief was Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

After being dismissed as a staff pharmacist at Sacred Heart Hospital, petitioner filed an unfair labor practice charge against the hospital.[1] The Employment Relations Board (ERB) ultimately ruled against petitioner. His sole contention on appeal is that ERB's order is vague and ambiguous.[2]

Oregon appellate decisions have, in the recent past, insisted on more precision in administrative orders that are subject to judicial review.[3] Although these decisions have involved either review of local land-use determinations or orders of the Oregon Liquor Control Commission, the general principles are not limited to just those kinds of cases. An order should "* * * clearly and precisely state what [an agency] found to be the facts and fully explain why those facts lead [the agency] to the decision it makes * * *." *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975).

It may be that draftsmen of administrative decisions would more readily comply with these requirements (and find their task easier) if they would cast their decision in a format more akin to an appellate court decision. Stating precisely what the facts are and

[1] ORS 663.110 establishes certain protected rights of employes including the right to "* * * engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection * * *." ORS 663.120(1) makes it an unfair labor practice for an employer "[t]o interfere with, restrain or coerce employes in the exercise of the rights guaranteed in ORS 663.110." Colloquy between counsel and members of the Employment Relations Board indicates that the board members believed that petitioner had been engaged in protected concerted activity, but were still concerned about whether this was the reason for his discharge.

[2] The hospital cross-appeals, contending that ERB lacked jurisdiction in this case. The issue involves a possible gap that may have briefly existed between the normally complimentary coverage of federal and Oregon labor statutes. Since this jurisdictional issue is unlikely to arise again, and since we affirm ERB on the merits, we express no opinion on the merits of the cross-appeal.

[3] *Green v. Hayward,* 275 Or 693, 552 P2d 815 (1976); *Sunnyside Neighborhood v. Clackamas Co. Comm.,* 27 Or App 647, 557 P2d 1375 (1976); *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976); *Battle Creek Golf Course v. OLCC,* 21 Or App 179, 534 P2d 204 (1975); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

fully explaining the reasons for a given decision does not require the typical rigid format — used by ERB in this case — of numbered paragraphs under headings like "findings of fact" and "conclusions of law." Such a rigid format does not always lend itself to providing an illuminating exposition of an agency's reasoning process. *See McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976).

In any event, what is required by way of an adequate administrative decision in any form must depend in part upon the nature of the proceeding. As this case was presented to ERB, the ultimate question was one of state of mind — what was the reason that petitioner's supervisors discharged him. No direct evidence was available; circumstantial evidence was presented that cut both ways. On the one hand, ERB's findings of fact note that petitioner had aggressively sought "to improve wages and working conditions for the [hospital] pharmacists." *See* note 1, *supra.* On the other hand, the findings recite that petitioner's supervisors perceived him as "volatile," "immature" and having serious "interpersonal conflicts" with other members of the hospital staff.

ERB's task came down to one of inferring cause-and-effect. Was petitioner discharged because he tried to improve wages and working conditions? Or, instead, was petitioner discharged because of deficiencies in his performance as an employe? From the circumstantial evidence ERB, functioning as a jury, was entitled to draw either inference.

In its decision, ERB's sole statement of its reasoning process was: "[W]e conclude that the complainant was not discharged for 'concerted activities'." It is this conclusory passage which petitioner attacks in this court. However, given the nature of the issue and the record before ERB, as described above, we read ERB's statement to mean that the agency inferred that petitioner was discharged because of deficiencies in his performance as an employe. We can think of

nothing more ERB could have said to explain the reason for its decision on the dispositive *factual* issue in this case.

Affirmed.