Submitted on record and briefs April 23, reversed and remanded July 14, 1980

SKAGEN,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION,
*Respondent.*

(No. 79-AB-1118, CA 16470)

613 P2d 1083

Christopher K. Skagen, Ashland, filed the brief pro se for petitioner.

James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner appeals a decision of the Employment Appeals Board which affirmed a referee's decision[1] denying unemployment benefits on the grounds that petitioner left work without good cause. We reverse.

The referee made the following findings of fact which are supported by the record: (1) Claimant worked for employer [Goodyear] from September, 1978, until September 13, 1979, in Portland, Oregon as a vulcanizer. His normal work hours were from 7:00 a. m. to 5:30 p. m., Mondays through Thursdays; he was paid $6.29 per hour. (2) Claimant left work September 13, 1979, to go to work for the Fine Arts Book Store in Ashland, Oregon. He was to be paid $4 per hour plus commission. (3) Claimant worked for the book store September 17 through September 21, 1979, moving stock down from Portland and helping the employer prepare a catalog. (4) Claimant did not continue working for the book store because its premises in Ashland were not yet completed and ready for use. (5) The book store owner had checked with the owner of the property about three to four weeks before the separation from work, but did not confirm that the premises were completed. (6) The claimant was to be re-employed by the book store as soon as the premises were ready. (7) The premises would not, as of the date of the hearing, be ready for approximately another two months.

Based upon these findings of fact, the referee concluded that petitioner left work for new employment which could not reasonably be expected to continue, *i.e.,* the petitioner left work without good cause. OAR 471-30-038(5)(a).[2]

---

[1] One member dissented. The Board adopted the referee's decision.

[2] OAR 471-30-038(5)(a) provides:

"* * * 'leaving work with good cause includes but is not limited to leaving work after accepting a definite offer of other work which can reasonbly be expected to continue and pays an amount equal to or in excess of the weekly benefit amount.' "

We reverse for the reason that the referee failed to make sufficient findings of fact to support this conclusion. As we stated in *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 868 (1975);

> "We must require that [an administrative agency's] order clearly and precisely state what it found to be the facts and fully explain why those facts led it to the decision it makes."

Petitioner's new employment ceased because the facilities which were to house his employer's business were not ready on time. The findings of the referee do not, however, lay an evidentiary foundation from which one could conclude that claimant knew or should have know that this would be the case.

If, for instance, petitioner had known that the facilities would not be ready at the time of his separation from work with Goodyear, then neither he nor anyone else could have reasonably expected his new employment to continue. But the referee did not make a finding of fact that petitioner knew or was told that the premises would not be ready. The referee made no finding of fact as to what petitioner knew or was told about the likelihood of the premises being ready.[3] The findings which he did make do not provide sufficient information to establish that a reasonable man would not have believed a continuous job was waiting for him. Without this finding of fact, the referee's conclusion that claimant left his former position without good cause is not supported by the record.

Reversed and remanded.

---

[3] Petitioner testified that, prior to the time of his separation and thereafter until midway through the first week he worked for his new employer, he expected the premises to be ready. His new employer testified that prior to petitioner's separation from Goodyear, his new employer received information that the premises would be ready and passed this information on to petitioner. Petitioner responded to the employer's testimony by stating "that's correct."