Submitted on record and briefs April 3, reversed and remanded November 20, 1985
reconsideration denied March 21, petition for review allowed April 29, 1986
(301 Or 76)
(See later issue Oregon Reports)

SHETTERLY, IRICK & SHETTERLY,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-1319; CA A33476)

709 P2d 766

Stephen F. Mannenbach, Dallas, filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Brian M. Keith, Colfax, Washington, filed the brief *pro se* for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer petitions for review of an order of the Employment Appeals Board that adopted the referee's findings and affirmed his decision that claimant was entitled to unemployment compensation benefits. EAB ruled that employer had discharged claimant, but not for misconduct connected with work. We reverse.

Petitioner is a Dallas law firm. It hired claimant as a law clerk in September 1983. He worked at the firm until June 5, 1984. Until he graduated on May 13, 1984, he was a third-year student at Willamette Law School. It was undisputed that he had to be available all day each Friday to handle the firm's prosecution work for Dallas. The referee found:

"(1) The claimant prosecuted criminal law cases at the Municipal Court and researched law on civil matters for the employer's law firm from September 13, 1983, until June 5, 1984. (2) He usually worked about 25 hours a week, at his convenience, and was paid a closing rate of $5.50 an hour. (3) At this time, claimant was a third-year law student. (4) He was certified as a law clerk by the Supreme Court and permitted to practice law under the supervision of a member of the bar, his supervisor. (5) This employer customarily hires a new law clerk, a third-year law school student, every June. (6) The student is informed that the employment will end the following June. (7) About June 1, 1984, the employer hired another law clerk in place of the claimant. (8) The claimant trained the new law clerk, realizing that his employment would soon end. (9) The employer told the claimant that he could leave as soon as he finished his work. (10) The claimant finished his work and left on June 5, 1984. (11) The claimant was willing to continue working for the employer, but was not allowed to do so because the employer no longer needed his services."

The referee, as part of his "Conclusions and Reasons," but not as part of his "Findings of Fact," stated that

"[t]he claimant was hired with an approximate termination date of his services. When his services were no longer needed, he was laid off. This amounts to a discharge, but not for misconduct connected with his work.

"* * * * *

"The employer's own testimony is that the claimant was terminated because it had no further need for his services."

Substantial evidence must support an agency's factual findings. The agency must state what facts it finds and it must explain why they lead to the decision it reaches. *Trebesch v. Employment Division,* 68 Or App 464, 467, 683 P2d 1018, *rev allowed* 297 Or 824 (1984); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). The central issue here is whether claimant voluntarily left work or was discharged because his term of employment had expired. Employer assigns as errors that the agency failed to find certain critical facts, that other findings lack substantial evidence to support them and that the agency, therefore, did not reach a reasoned conclusion.

The referee concluded that "claimant was hired with an approximate termination date of his services." That, however, is not a reasoned conclusion from his factual findings. He found:

"(5)   This employer customarily hires a new law clerk, a third-year law school student, every June. (6) The student is informed that the employment will end the following June."

The referee did not find that employer hired claimant for a fixed term or that it informed him at any time that his employment would end in June, 1984.

The referee's finding (11) states:

"The claimant was willing to continue working for the employer, but was not allowed to do so because the employer no longer needed his services."

The referee, however, failed to make necessary supporting findings that would allow us to determine if finding (11) reasonably supports the conclusion that employer discharged claimant. Employer asserts that claimant voluntarily left work to attend the bar review course. Claimant admitted that he told employer that he intended to take the course. It is undisputed that the course was to commence on June 11, 1984, and end six weeks later on July 18, 1984. It normally met from 9 a.m. to 12:30 p.m., Monday through Saturday. There is evidence in the record that employer hired a new clerk in reliance on claimant's representation that he intended to take the course. Claimant assisted employer to hire that clerk. The referee did *not* find whether claimant left the firm to take the

bar review course[1] or whether the reason for employer's lack of need for claimant's services was that employer had hired a replacement clerk after claimant had told employer that he was going to take the course. Without such additional findings, finding (11) does not support the conclusion that employer discharged claimant, rather than the conclusion that he left work voluntarily. *See* ORS 183.470.

Accordingly, the referee's conclusions lack supporting factual findings. We cannot conclude, therefore, that the agency reached a reasoned conclusion respecting claimant's separation from work.

Reversed and remanded for reconsideration.

---

[1] Such a finding would be particularly important in the light of claimant's inconsistent statements during the hearing, some of which conflict with those of employer. Claimant testified that he did not really know whether he had requested to work a longer period of time. At another point he testified he had requested to do additional work. At yet another point he testified that the reason he left work when he did was because employer would not let him work anymore. Employer stated that claimant never requested to work additional time. The bar review course met during the morning on Fridays when claimant, had he continued with employer, would have been expected to be available for work. It may seem surprising that an applicant for the bar examination would wish to miss all or a portion of a bar review course for a part-time clerking position immediately before the bar examination.