Argued and submitted July 30, affirmed November 12, 1986

# WELSH,
*Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(PSRB No. 85-760; CA A38230)

728 P2d 82

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) continuing its jurisdiction and committing him to a state hospital for care, custody and treatment. The order issued after an "initial hearing" before PSRB pursuant to ORS 161.341(7)(a). We affirm.

On August 1, 1985, petitioner was found guilty except for insanity of the crime of arson in the first degree. The circuit court placed him under the jurisdiction of PSRB for 20 years. *See* ORS 161.327. On November 1, 1985, PSRB held an initial hearing to determine whether petitioner should remain under its jurisdiction. PSRB concluded that (1) petitioner suffers from a mental disease or defect which causes him to present a substantial danger to others, and (2) he is not a proper subject for conditional release, because the necessary supervision and treatment are not available and because it would not be in the best interests of justice and the protection of society to release him. Petitioner challenges the jurisdiction of PSRB, arguing that "the only issue * * * is whether the record * * * contains any evidence that [petitioner] is a substantial danger to others."[1] We hold that there is substantial evidence in this record to justify PSRB's conclusion that petitioner is dangerous to others. We turn to the facts.

No one disputes that petitioner suffers from a mental disease or defect (specifically, bipolar disorder, mixed type) exacerbated by substance abuse, that the illness is currently in remission or that petitioner poses no danger to others when he is in remission. There also appears to be no dispute that the only thing keeping petitioner in remission is his medication. In the past, petitioner has had considerable difficulty accepting the fact that he has a mental illness or that he abuses alcohol and drugs, and he has repeatedly stopped taking his medication or any kind of follow-up treatment after release from the hospital. He has a long history of repeated commitments. He has committed several crimes, including the above-

---

[1] During oral argument we questioned the adequacy of the findings of fact in the order on review, and counsel filed memoranda of additional authorities. We conclude that, because ORS 183.315 excludes PSRB from the requirements of ORS 183.470, the only question is whether the findings of fact are sufficient for "meaningful judicial scrutiny." *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). They are.

mentioned arson, when he was drinking alcohol or abusing drugs and not taking his medication.

PSRB relied on petitioner's past history and on the testimony of Dr. Mathai in concluding that claimant poses a substantial danger to others:

"[Board member]: He has a long history of denying that he has any kind of * * * mental disorder and refusing any kind of treatment. What's the situation now?

"Dr. Mathai: He still tends to minimize his alcoholism. He claims that — he indicates that he does not drink that often only drinks when he gets the money or feels like it occasionally. He denies drug use. * * *

"[Board member]: What's your estimate of his willingness to get through * * *?

"Dr. Mathai: Judging by past history, it's questionable how long he will continue, but we are hoping that if he learns a little more about the use of lithium and what good it does to him, there'll be a better chance of him continuing on it.

"[Board chair]: Do you have any questions?

"[Board member]: Yes. You've heard his attorney's opening statement indicating that he thinks a conditional release — an evaluation by Providence for conditional release would be appropriate now. It's my understanding your — you're not advocating that he be evaluated now, but rather in four months or so?

"Dr. Mathai: Yes, that's what I * * * would feel that he'd gain by staying on Ward 58 for another three to four months, at the end of which time, we'll have a much better idea of his functioning and will have a much better measurement of his insight and willingness to continue on medication. At which time, we would definitely refer him to Providence.

"[Board member]: So you feel you don't have enough * * * now to recommend —

"Dr. Mathai: That's right.

"[Board member]: You also indicate that if he were released and were untreated and unsupervised and were to drink then he may become dangerous.

"Dr. Mathai: He would behave in a manner similar to what he did before."

On the record as a whole, ORS 183.482(8)(c),[2] there is substantial evidence to support PSRB's finding that petitioner still poses a substantial danger to the community. Dr. Mathai testified that, if petitioner were released and were untreated, he would behave in a manner similar to how he behaved before. Petitioner's refusal to admit that he has a mental disorder has led to his discontinuing medication in the past. When he discontinues the medication and drinks or abuses drugs, he poses a danger to others. Dr. Mathai testified that claimant still tends to minimize his alcoholism and to deny his drug use. There is substantial evidence from which PSRB could reasonably conclude that, because petitioner, if released, is likely to discontinue his medication and drink or abuse drugs, he poses a danger to others.

Affirmed.

---

[2] ORS 183.482(8)(c) provides:

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

ORS 183.482(8) applies to PSRB orders. ORS 161.385(8)(c).