Argued and submitted June 29, 1992, affirmed March 3, 1993

## CENTRAL BLUEPRINT CO., INC.,
*Petitioner,*

*v.*

## The filings of the
## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE,
Safeco Insurance Company of America
and Department of Insurance and Finance,
*Respondents.*

(90-07-024; CA A71605)

847 P2d 912

David O. Wilson, Eugene, argued the cause for petitioner. With him on the brief was Employers Defense Counsel, Eugene.

Gordon Welborn, Lake Oswego, argued the cause and filed the brief for respondent Safeco Insurance Company of America.

John T. Bagg, Assistant Attorney General, Salem, waived appearance for Department of Insurance and Finance.

No appearance by respondent National Council on Compensation Insurance.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of a Department of Insurance and Finance (DIF) order requiring it to pay an additional workers' compensation premium to its carrier, respondent Safeco. The issue is whether certain payments to employees constituted wages or unanticipated bonuses or profit sharing. We affirm.

Safeco's premium is calculated from petitioner's payroll. The Basic Manual for Workers' Compensation and Employers Liability Insurance (Basic Manual)[1] excludes from remuneration

> "bonus pay which is not anticipated under the contract of employment and which is paid at the sole discretion of the employer, [and] amounts payable under profit sharing agreements * * *."

On May 30, 1990, Safeco audited petitioner's payroll and assessed an additional premium for bonus payments to Ronald Smith and Donald Smith between April 1, 1989, and March 31, 1990. Petitioner argued that the payments were properly excluded as unanticipated bonus payments or as profit sharing. DIF disagreed and sustained the assessment. Petitioner contends that no substantial evidence supports DIF's findings that the payments were not unanticipated bonuses or profit sharing, and that the order is inadequate for review because it fails to explain how DIF's findings lead to its conclusions.

Petitioner began business in 1972 as a partnership owned by Margaret and Wesley Smith. It was incorporated at a later date and Wesley became president. In 1979, the corporation authorized Wesley to pay performance bonuses to six key personnel, subject to adequate available funds. The key personnel consisted of his wife, Margaret, his children, Ronald Smith, Donald Smith and Sheryl McCoy, and two non-family members. From 1980 to 1986, petitioner paid between $2,000 and $4,000 in bonuses to each of between three and six workers. In 1981, 1982 and 1983, it paid no

---

[1] Respondent National Council on Compensation Insurance (NCCI) is an authorized workers' compensation rating organization. ORS 737.350 *et seq.* It promulgates the Basic Manual to identify the employee remuneration on which its member insurers calculate their premiums.

bonuses. After Wesley died in 1987, petitioner's board of directors consisted of Margaret, who was president, Ronald, Donald and Sheryl. Beginning in 1987, petitioner paid to each, Margaret, Ronald and Donald, bonuses of $10,000 in 1987, $30,000 in 1988 and $50,000 in 1989. No other employees received bonuses in those years. The 1989 payments to Ronald and Donald are in dispute in this proceeding. DIF ruled that the issue was whether petitioner intended the payments to be an unanticipated bonus or profit sharing, and that petitioner failed to carry its burden on that issue. Petitioner offered no document, such as an employment contract, to corroborate its argument that the bonuses were unanticipated. The 1989 bonuses exceeded the salaries of Ronald and Donald. Petitioner's bonus policy was designed to reward and provide incentives to those persons most responsible for its success. Margaret testified that she intended to pay bonuses to "the ones that worked the hardest and did the most, which * * * turned out * * * to be family members[;] it's just a profit sharing type thing." The pattern of bonus payments shows that Ronald and Donald were consistently productive workers. Substantial evidence supports DIF's finding that the 1989 bonuses were anticipated.

Petitioner's bonus policy was not an agreement with employees, so the bonuses were not amounts payable under a profit sharing agreement. Moreover, employee productivity, not petitioner's profitability, determined whether petitioner paid bonuses. Substantial evidence supports DIF's finding that the 1989 bonuses were not amounts payable under a profit sharing agreement.

In response to petitioner's argument that the order is inadequate for review, respondent contends that nothing requires DIF to provide an explanation of the reasons why its findings caused it to reach its conclusions. That is incorrect for the reasons stated in *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975):

> "If there is to be any meaningful judicial scrutiny of the activities of an administrative agency — not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis — we must require that its order

clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes. Brevity is not always a virtue. The less circumscribed an agency is by the legislative grant of power to it and by its own regulations augmenting that grant, the more detailed and precise its explanation of its actions exercising the powers granted to it must be.''

However, DIF's order does not lack adequate reasoning. Petitioner's evidence was equivocal at best and DIF committed no error.

Affirmed.