712 April 3, 2024 No. 210

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Evangelia FORD,
*Plaintiff-Appellant,*

*v.*

MULTNOMAH COUNTY
and Multnomah County Animal Services,
*Defendants-Respondents.*

Multnomah County Circuit Court
22CV12092; A180356

Chanpone P. Sinlapasai, Judge.

Submitted December 13, 2023.

Robert E. Babcock filed the brief for appellant.

David N. Blankfeld filed the brief for respondents.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Plaintiff appeals a judgment dismissing a writ of review. In late 2021, plaintiff received two notices of infraction based on her dog, Lola, having been found entangled in her tether and lacking access to food or water. *See* Multnomah County Code (MCC) § 13.501 (regarding notices of infraction). A hearings officer found the infractions to be proved and, as relevant here, ordered that plaintiff "shall not be an owner, keeper, or guardian of any animal for a period of five (5) years." *See* MCC § 13.509 (providing, upon appeal of a notice of infraction, for a hearing before a hearings officer). The circuit court affirmed that decision in a writ of review proceeding. On appeal, in a single assignment of error, plaintiff argues that the court erred, because the hearings officer was required to explain—and failed to explain—its decision to suspend plaintiff's ownership of all dogs for five years. For the following reasons, we affirm.

Plaintiff first relies on MCC § 13.509(G) to argue that the hearings officer was required to explain her decision to impose a five-year suspension penalty. MCC § 13.509 addresses hearing procedures generally and, as relevant here, states, "The hearings officer shall issue a written decision containing findings of fact addressing the allegations contained in the notice of infraction \*\*\*. *The decision shall clearly state the hearings officer's conclusion and the reasoning based on the findings of fact.*" MCC § 13.509(G) (emphasis added). The circuit court did not err in concluding that the hearings officer complied with MCC § 13.509(G). The hearings officer made adequate findings of fact regarding the allegations in the notices of infraction and clearly stated her conclusions and reasoning for finding the infractions to be proved. We are unpersuaded that MCC § 13.509(G) extends to requiring an explanation for the penalties imposed for a particular infraction.

Deciding what penalties to impose for an infraction is an exercise of discretion. MCC § 13.509(H) ("In all appeals under this chapter, the hearings officer shall have discretion ordering conditions, restrictions and penalties."); MCC § 13.999(D)(4) (in addition to monetary civil penalties, a hearings officer is authorized "to order additional restrictions and conditions upon the party in violation," including

to "[s]uspend the animal owner's or keeper's right to own or keep any animal in the county for a period of time specified by the *** hearings officer"). A hearings officer's exercise of discretion is subject to review in a writ of review proceeding only insofar as the hearings officer exceeded her jurisdiction, failed to follow applicable procedures, made a finding or order not supported by substantial evidence, improperly construed the applicable law, or rendered an unconstitutional decision. ORS 34.040(1) (proscribing when a writ of review is available).

Plaintiff's reliance on *Home Plate, Inc. v. OLCC*, 20 Or App 188, 530 P2d 862 (1975), and *Lincoln Loan Co. v. City of Portland*, 317 Or 192, 855 P2d 151 (1993), is misplaced. In *Home Plate*, 20 Or App at 190, we reversed and remanded an order of the Oregon Liquor Control Commission denying a liquor license to a business, because the agency had not explained its decision in any meaningful way, making it impossible to tell whether it "ha[d] applied the criteria prescribed by statute and by its own regulations and ha[d] not acted arbitrarily or on an ad hoc basis." In *Lincoln Loan*, 317 Or at 200, we reversed and remanded an order of the City of Portland requiring the demolition of a vacant residential structure found to be a nuisance, after concluding that the applicable city code provision authorized hearings officers to order demolition only when it "was a reasonable choice among the methods available to correct the violation." The hearings officer in *Lincoln Loan* had misconstrued his authority and therefore failed to make the necessary finding, requiring further proceedings. *Id.* at 201 (remanding to the circuit court to determine whether the record would allow the necessary finding and, if so, remand to the hearings officer for further fact finding).

In *Home Plate* and *Lincoln Loan*, the appellate court was unable to perform its review function, either because an administrative order lacked substantial reason (*Home Plate*)[1] or because a hearings officer failed to make a

---

[1] *See Terway v. Real Estate Agency*, 223 Or App 501, 515, 196 P3d 1022 (2008) ("The requirement that agency decisions be supported by substantial reason is designed to facilitate 'meaningful judicial scrutiny of the activities of an administrative agency.' *Home Plate Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975). Agencies are required to demonstrate in their opinions the reasoning that leads the agency to the conclusions that it draws from the facts. *Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996).").

necessary finding (*Lincoln Loan*). Here, by contrast, plaintiff has not identified any permissible review function that has been hindered by the hearing officer's failure to explain her penalty choice. Nor has plaintiff identified any factual finding that is explicitly or implicitly required by the MCC before a hearings officer may impose a five-year suspension of the right to own or keep animals in Multnomah County. Instead, plaintiff challenges the lack of an explanation in its own right. To prevail on that argument, however, plaintiff would have to identify some procedural requirement for an explanation, which she has failed to do. *See* ORS 34.040(1)(b) (allowing for a writ of review based on a hearings officer having failed to follow applicable procedures).  As previously described, plaintiff relies on MCC § 13.509(G) as the source of such a requirement, but we have rejected that argument.

Affirmed.