Argued and submitted October 17, 1986, reversed and remanded for reconsideration January 28, 1987

# HARRIS,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (85-AB-1950; CA A38738)

732 P2d 64

James S. Coon, Portland, argued the cause for petitioner. With him on the brief was Aitchison, Imperati, Barnett & Sherwood, P.C.

John Paul Blount, Portland, argued the cause and filed the brief for respondent North/Northeast Mental Health.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner seeks judicial review of a decision of the Employment Appeals Board (EAB) denying her unemployment compensation. EAB adopted and affirmed the referee's decision that petitioner had been fired for misconduct. ORS 657.176(2)(a). We reverse and remand for reconsideration.

The referee found:

"(1) The claimant worked for the employer from July 11, 1983 through September 9, 1985. (2) She worked as a Mental Health Specialist II. (3) The claimant was discharged for falsifying her application form. (4) On or about May or June 1983, the claimant certified and submitted an application form to the employer indicating that she had a college degree. (Exhibit 12.) (5) At the time of certification and submission, the *claimant knew she had not received a college degree.* (6) The claimant has yet to receive a college degree." (Emphasis supplied.)

The referee explained:

"OAR 471-30-038(3) states in part that: '[M]is conduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests, or recurring negligence which demonstrates wrongful intent is misconduct.'

"When the claimant certified and submitted her application form to the employer, *she admittedly presumed that she had received a college degree.* The claimant has yet to receive a college degree. Her failure to answer truthfully was done knowingly and wilfully. The claimant must suffer the consequences of her failure to do so, and she is subject to a disqualification from benefits.

"The claimant owed the employer the duty of disclosing this information, and if she felt some explanation was necessary concerning her degree, she could have discussed it with the employer, after correctly filling out her application." (Emphasis supplied.)

■ Petitioner contends that there is not substantial evidence in the record to support the referee's and, thus, EAB's finding that, at the time she applied for work, she knew that she had not received a college degree. She also contends that there is no rational relationship between the findings and EAB's conclusion. She argues that, although she made a

mistake, she did not knowingly lie about having a college degree. She testified that she thought that she had a college degree, because she participated in a graduation ceremony in 1981. After the ceremony, she was informed that she needed nine additional credit hours to receive her degree. She had completed those nine hours by March, 1983, before her application for employment. She did not realize that she would not actually receive a degree until she applied for it. The referee had earlier commented that he wanted to hear petitioner testify, because her credibility could become an important issue. Nevertheless, he made no finding about her credibility.

Parker, employer's hiring coordinator, stated that the question concerning petitioner's completion of degree requirements was the result of some honest confusion on her part about the technical details necessary to complete the graduation process. Smith, employer's acting director, stated that it was a matter of opinion whether petitioner, in fact, had a degree when she applied for work. He did not know whether her claim was an intentional misstatement or simply an error. Barnes, who chairs employer's personnel committee, stated that employer made no investigation whether petitioner intentionally misstated the fact. She did not know whether petitioner made an intentional misstatement or simply an error. We conclude that the finding that petitioner knew, at the time she applied for work, that she had not received a college degree is not supported by the evidence in the record in the absence of a finding that she is not credible.

■ Petitioner also contends that there is no rational relationship between EAB's findings and its conclusion. The referee explained that petitioner "admittedly presumed that she had received a college degree." Logically, that conflicts with a conclusion that her failure to answer truthfully was done knowingly and wilfully. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). Therefore, the conclusion that she wilfully falsified her application is not adequately explained. *See Trebesch v. Employment Division,* 68 Or App 464, 467, 638 P2d 1018, *aff'd* 300 Or 264, 710 P2d 136 (1985).

Reversed and remanded for reconsideration.