Argued and submitted October 17, 1986, reversed and remanded March 4, 1987

## WHITNEY,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1979; CA A38621)

733 P2d 493

Michael H. Marcus, Portland, argued the cause for petitioner. With him on the brief were Mark B. Williams, L. Ramsay Weit and Legal Aid Service, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondents Employment Division, Employment Appeals Board and Ross Morgan.

No appearance for respondent Fastener Supply, Inc.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Petitioner seeks review of an order of the Employment Appeals Board (EAB) which reversed the decision of the referee and denied unemployment benefits on the ground that he was discharged for misconduct connected with work. ORS 657.176(2)(a). We reverse and remand.[1]

Petitioner was employed from December 17, 1984, until September 13, 1985, when he was discharged. He testified that he was sick with a cold when he went to work on September 12, 1985. He worked about 15 minutes and asked if he could go home. His supervisor reluctantly excused him, and he went home. He testified that he had only enough money for bus fare and that he had no medication at home. Because September 12 was payday, he took a bus back to work at about 1 p.m. to pick up his pay check. While there, he told the employer that he needed to pick up his amplifier from a pawn shop. He took a bus home, stopping to cash his check, get his amplifier and buy groceries and medication. On September 13 he was discharged after he had worked a full shift. Petitioner supplemented his testimony with an emergency room record showing that on September 14 he was treated for a respiratory infection. The doctor recommended that he stay home another day to rest.

The supervisor testified that petitioner had received one written warning for not calling in when he missed a day of work. The company's policy was that three "no-call" warnings in a quarter would result in discharge. She testified that she had also given him verbal warnings about absences and tardiness. She stated that she was reluctant to let him go home on September 12, because she "didn't think he was that sick." Employer's manager testified that, after petitioner picked up his check, he discussed petitioner's absence with the supervisor and that they decided to discharge him.

ORS 657.176(2)(a) states, in pertinent part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative * * * finds that

---

[1] We dismiss, *sua sponte*, the petition for review as to EAB and Ross Morgan, Chairman, there being no statutory basis for their being parties in this judicial review proceeding.

the individual * * * [h]as been discharged for misconduct connected with work * * *."

OAR 471-30-038(3) defines "misconduct" as:

"[A] wilful violation of the standards of behavior which an employer has a right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, *absences due to illness* or other physical or mental disabilities * * * *are not misconduct* for the purposes of denying benefits under ORS 657.176." (Emphasis supplied.)

The referee concluded:

"[D]espite [petitioner's] attendance problems he would not have been discharged had it not been for the final incident of September 12. * * * The weight of the evidence shows that claimant was unable to work due to sickness on September 12. Absences due to illness do not constitute misconduct."

EAB reversed:

"We disagree with the referee and conclude that the claimant was discharged for misconduct connected with his work. He showed a continuing and wilful disregard for the needs of the employer and chose not to meet standards of conduct which the employer had a right to expect. Specifically, we conclude that he absented himself from work unnecessarily on September 12 after having been given warnings about attendance.

"There was a conflict between the testimony of the claimant and that of his immediate supervisor. The referee made no findings on credibility. We find the supervisor to have been consistent, sincere and straightforward and the more credible of the two."

The conflicting testimony concerning petitioner's health makes credibility crucial to resolving this case. The referee did not make an explicit credibility finding. He did conclude, however, that the weight of the evidence established that petitioner was unable to work because of illness. Implicit in that conclusion is a finding that petitioner's testimony is credible. By concluding that the supervisor was more credible, EAB rejected the referee's implicit credibility finding. It, however, failed to explain why it disagreed, other than to say the supervisor was "consistent, sincere and straightforward."

■ ■ When rejecting a referee's determination of credibility, EAB must explain its credibility finding by specifically describing why it disagrees with that determination. *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984). A conclusion that the supervisor was more credible, based on the finding that she was "consistent, sincere and straightforward," does not explain why it disagreed with the referee. Where, as here, the medical evidence tends to support petitioner's credibility, an explanation is even more crucial. Without it we cannot tell whether EAB's decision to reverse is supported by substantial evidence. *Hill v. Employment Division,* 73 Or App 422, 425, 698 P2d 1010 (1985).

Petition for judicial review dismissed as to the Employment Appeals Board and Ross Morgan, Chairman; reversed and remanded.