454

Argued and submitted November 16, 1987, reversed and remanded for reconsideration
April 20, 1988

THOMAS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(87-AB-618; CA A44224)

752 P2d 1248

Patricia Goldsmith, Oregon Legal Services, Hillsboro, argued the cause and filed the brief for petitioner.

No appearance for respondents.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## JOSEPH, C. J.

Petitioner seeks review of an order of the Employment Appeals Board (EAB) which reversed the decision of the referee and denied unemployment benefits on the ground that he was discharged for misconduct connected with the work. ORS 657.176(2)(a). We reverse and remand.

Petitioner was employed as a longhaul truck driver from June 10 until December 24, 1986. Company policy dictated that drivers be reimbursed for work-related expenses if they submitted receipts for the expenses to the company. On December 18, 1986, petitioner purchased rope to use on the trailer of his truck. He paid $13.73. The handwritten portion of the receipt, however, was altered to show a payment of $23.73. Employer's policy is to discharge any driver who falsifies records. Petitioner submitted the receipt and was reimbursed $23.73. Employer later determined the correct charge. Petitioner was discharged when employer verified that he had submitted a falsified receipt.

ORS 657.176(2) states, in pertinent part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative * * * finds that the individual * * * [h]as been discharged for misconduct connected with work * * *."

OAR 471-30-038(3) defines "misconduct" as:

"[M]isconduct is a willful violation of the standards of behavior which an employer has the right to ' expect of an employe. An act that amounts to a wilful disregard of an employer's interest or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for the purposes of denying benefits under ORS 657.176."

The referee found credible petitioner's unrebutted testimony that he never noticed that the receipt had been altered or that he had been reimbursed for more than he had paid. The referee based that finding on petitioner's sincerity and straightforward manner in answering questions and on the lack of evidence that he had previously submitted inflated expense receipts. Additionally, the referee found persuasive

petitioner's argument that he would not risk losing a job for $10. Accordingly, the referee found that there was insufficient evidence to establish that petitioner had willfully submitted a falsified receipt and held that petitioner had not been discharged for misconduct. *See* OAR 471-30-038(3).

 EAB reversed.[1] Its order states, in pertinent part:

> "The referee decided against the imposition of a disqualification based upon his acceptance of the claimant's testimony as being more credible. We examined Exhibit 1, and do not arrive at the same conclusion. Claimant submitted this altered receipt to the employer to claim reimbursement of funds which he had not expended. He admits in his testimony that he did not pay $23.73 for the rope and that the receipt as he presented it is false. The record does not establish claimant personally altered the receipt, but he became responsible for its contents and the falsification it represented when he submitted it to the employer as his claim for reimbursement of that amount. Claimant's explanation of how this receipt may have been altered does not exonerate him of the act of submitting a false expense claim and accepting payment of more than he was entitled to claim."

We are unable to determine the basis of EAB's decision from the order. Submission of a falsified receipt does not in and of itself constitute misconduct. A determination of misconduct demands a finding of willfulness or recurring negligence. OAR 471-30-038(3). Assuming that petitioner was negligent in failing to detect the alteration of the receipt, it was not recurring negligence, because there is no evidence to suggest that he had previously been negligent in this or any way. *See* ORS 183.482(8)(c).

 The only other basis for EAB's decision is that it disbelieved petitioner's testimony and found his conduct willful. However, EAB has not explained its position in the light of the referee's determination of petitioner's credibility and its own finding that the record does not establish that claimant personally altered the receipt. We have repeatedly held that,

> "when rejecting a referee's determination of credibility, EAB must explain its credibility finding by specifically describing why it disagrees with that determination." *Whitney v.*

---

[1] One member dissented.

*Employment Division,* 84 Or App 206, 210, 733 P2d 493 (1987).

Without an explanation from EAB, we are unable to determine whether its decision is supported by substantial evidence. *Whitney v. Employment Division, supra.* Additionally, EAB has not explicitly explained why petitioner's conduct, even if it was willful, was not an isolated instance of poor judgment. *See* OAR 471-30-038(3); *see also Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987).

Reversed and remanded for reconsideration.