Submitted on record and briefs February 19, reversed and remanded for
reconsideration December 7, 1988

CITY OF GRANTS PASS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(87-AB-1046; CA A45231)

765 P2d 237

Peter M. Linden, City Attorney, Grants Pass, filed the brief for petitioner.

Jeffrey H. Boiler, Eugene, filed the brief for respondent Todd.

No appearance for respondent Employment Division.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Employer seeks review of an Employment Appeals Board decision reversing the referee's denial of unemployment benefits granted to claimant. The issue is whether he was discharged for misconduct. We reverse and remand.

Claimant was employed as a police officer for employer from 1979 until February, 1987. On February 12, 1987, a citizen reported to him that one of the citizen's neighbors had lights on constantly in an upstairs room and suggested that the neighbor might be growing marijuana. Claimant went to the house and observed the upstairs room from the street. The observation lasted approximately 15 seconds and was from a distance of 50 to 60 feet.[1] He then advised his sergeant of the incident, telling him that he had observed the room from approximately 30 feet and had seen a florescent light and several large plants that appeared to be marijuana. The sergeant instructed him to contact another officer for further verification before seeking a search warrant.

Claimant contacted Detective Thorn and gave him a written report, which stated:

"On 02-12-87, about 12:35 p.m. I was contacted by a citizen who related that he has observed for the past several months that several floresant [sic] lights have been on night and day in the upstairs and garage at a residence on S.E. 8th St.

"I went to the residence at 961 S.E. 8th St. and from the street I could observe through an upstairs window a floresant [sic] light and several large plants that from a distance of about 30 feet appeared to me to be marijuana * * *."

Thorn then observed the house from the same location as claimant and saw no signs of florescent lighting or marijuana plants. Nevertheless, Thorn took claimant's information to the district attorney to determine whether a search warrant should be sought. A deputy district attorney contacted claimant, who told the district attorney that he had observed florescent lighting, that the plants he saw were approximately six and one-half feet tall, that he believed they were Sinsemilla

---

[1] Claimant testified at the hearing that he originally thought that he had been only 30 feet from the window, but that he later realized the distance was actually 50 to 60 feet.

plants and that he was 85% certain that what he saw was marijuana. The district attorney prepared an affidavit that claimant signed, and a search warrant was issued on the basis of the affidavit.

The upstairs room of the residence was searched pursuant to the warrant; however, no florescent lighting or vegetation was found, nor was there any indication that florescent lights or vegetation had been in the room in the recent past. After inspecting the room and the location from which claimant said that he had observed the room, his superiors concluded that he had intentionally falsified his report, and he was discharged. The Employment Division granted claimant's request for benefits, but a referee subsequently determined that benefits should be denied because he had been discharged for misconduct. EAB reversed the referee's decision, reinstating claimant's benefits.

ORS 657.176(2)(a) provides that a person is disqualified from receiving unemployment insurance benefits if he "[h]as been discharged for misconduct connected with work * * *." OAR 471-30-038(3) defines misconduct as:

> "a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests * * * is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

Employer argues that EAB's conclusion that claimant was not discharged for misconduct connected with his work is not supported by its findings. We agree. Finding of fact number 20 in EAB's order states, in relevant part, that "[b]ased on claimant's intentional falsehoods, his credibility was irreparably damaged with all necessary agencies." Nonetheless, EAB concluded that claimant was credible, that he did not act in a manner to harm employer intentionally and that, although he may have exercised poor judgment, it did not amount to misconduct.

EAB's conclusions must bear some rational relationship to its findings of fact. *Hoard v. Employment Division,*

72 Or App 688, 696 P2d 1168 (1985); *see also Harris v. Employment Division,* 83 Or App 443, 446, 732 P2d 64 (1987). EAB's finding that claimant engaged in intentional falsehoods is inconsistent with its conclusions. It explained in its conclusions that claimant did not act "in a manner to intentionally harm his employer," because he indicated to his supervisors that he was not positive about what he observed and because the issuance of a warrant was not his decision, but was subject to review and approval by his supervisors.[2] However, that explanation is directly contradictory to EAB's other finding, *which has not been challenged,* that claimant engaged in intentional falsehoods. EAB did not explain the inconsistency. Accordingly, we remand for reconsideration.

■        Employer also argues that we should hold that claimant's acts constitute misconduct as a matter of law. EAB held that claimant did not intentionally harm his employer and that, accordingly, his conduct constituted poor judgment rather than misconduct. A willful violation of an employer's reasonable standards of conduct may be an isolated instance of poor judgment and not misconduct. *Bunnell v. Employment Division,* 304 Or 11, 16, 741 P2d 887 (1987). However, if on remand it remains EAB's finding that claimant engaged in intentional falsehoods, under the circumstances of this case, that would be an intentional and substantial disregard of the employer's interest and, as a matter of law, would not be an isolated instance of poor judgment. *Bunnell v. Employment Division, supra; Oullette v. Employment Div.,* 34 Or App 591, 579 P2d 301 (1978).

---

[2] EAB stated in its conclusions:

"The claimant was not positive about what he observed and because of this doubt brought the situation to the attention of his supervisor and a detective. It was only after receiving approval from them that a search warrant was sought. In this regard it is important to note the testimony of the District Attorney where he admitted that claimant was not positive about seeing marijuana in the room.

"The referee found that the claimant's actions were in fact willful and more than an exercise of poor judgment. Based upon this record we disagree. Again, it is important to note that the claimant was believed by the assistant district attorney that he was not positive that marijuana had been observed. The claimant brought his observances [*sic*] to his supervisor and a detective and the procurement of a search warrant only proceeded after receiving their approval and support. Certainly claimant's judgment was involved. He may have exercised poor judgment but that is not misconduct. It has not been shown that claimant acted in a manner to intentionally harm his employer."

Reversed and remanded for reconsideration.