Submitted on record and brief February 21, affirmed September 6, 1989

## MAIL-WELL ENVELOPE COMPANY,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(88-AB-956; CA A49152)

779 P2d 178

Larry K. Amburgey, David J. Riewald and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, and Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Patricia L. Cody.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

GRABER, P. J.

Joseph, C. J., concurring in the result.

## GRABER, P. J.

■  In this unemployment compensation case, employer seeks review of an Employment Appeals Board order reversing the referee's denial of benefits. The assignment of error attacks EAB's conclusions in their entirety. Employer states that the question presented is whether EAB's conclusion is supported by substantial evidence. Most of employer's argument, in effect, asks that we undertake *de novo* review. We do not have that authority. ORS 183.482(8)(c); *see Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988). However, employer also contends that two of EAB's specific findings are not supported by substantial evidence: that claimant's work on Saturday, March 26, was an "informal arrangement" rather than "mandatory" and that the reason for firing her was her absences on March 26 and 28.

■  Claimant was a printing production worker, whose regular workweek was Monday through Friday. She testified that her voluntary Saturday overtime work in the warehouse, such as the work that she agreed to do on March 26, "really wasn't scheduled" the same way as Monday through Friday production work. Claimant said: "[L]ots of times I would just ask [warehouse supervisor Putnam] if I could go in and work, and I would go in and work, and then there are times that I've called in and she says it's okay, you don't have to go into [*sic*] work, you know, if you don't feel like it. It was just like almost a verbal agreement between the both of us that if I really didn't feel like working, that I really didn't have to come in[.] * * * It was no big deal * * *." Employer's witness testified: "I'm not sure of [claimant's] arrangement with [supervisor] Putnam. It is a different area. And yes, that informal arrangement could be part of their arrangement." Putnam did not testify. Substantial evidence supports EAB's finding that "[t]he overtime the claimant could have worked on Saturday, March 26, 1988, was an informal arrangement that she had with her supervisor and was not mandatory."

■  Employer's witness testified that claimant's last day of active work was Friday, March 25, that she had missed work due to illness on March 23, and that her dismissal took place after "[s]he was unexcused on March 26 and didn't show up for work on March 28, and that's the day of termination." Claimant testified that between the date of her final written

warning on February 24, 1988, and March 23 she had not been tardy or absent. Her attendance record confirms that testimony. The termination letter specified that the events of March 26 and March 28 were the "[m]ost recent incidents." Substantial evidence supports EAB's finding that claimant "was discharged because of her failure to appear for work on Saturday the 26th and Monday the 28th."

Employer also argues that EAB's conclusions that the March 26 and 28 absences were "isolated instances of poor judgment" or "good faith errors" do not follow logically from its findings. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). Employer points out, for example, that EAB found "an extensive record of absenteeism" and a formal, final written warning to claimant. Whether or not we would have reached the same conclusions, however, EAB's reasoning from the facts that it found[1] to its conclusions is not unsound.

Affirmed.

**JOSEPH, C. J.,** concurring in the result.

This case was submitted without oral argument. Only employer filed a brief. Either the majority mistakes the length of that brief as a measure of quality, or it got a different brief than I did. Despite what the majority says, employer's assignments of error do *not* attack any of EAB's findings of fact as not being supported by substantial evidence, *see, e.g., Claimant Members of Boilermakers v. Emp. Div.,* 73 Or App 470, 699 P2d 203, *rev den* 299 Or 583, 704 P2d 513 (1985), and do *not* support a claim that EAB's reasoning from the facts found to its conclusions is unsound. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). Moreover, most of the case law relied on by employer with respect to how this court reviews an unemployment compensation decision predates *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). In effect, employer asks that we undertake *de novo* review. We do not have that power (or did not, up to this case).

---

[1] EAB also found, among other things, that "[m]any of [claimant's] absences were caused by illnesses and personal problems" and that "[s]he did not appear for work [on March 28] because her ex-husband had not returned her children as expected on Sunday, March 27," as a result of which she "became extremely upset and was concerned about their welfare and whereabouts."

ORS 183.482(8)(c); *see also Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988).