Submitted on record and briefs June 27, reversed and remanded for reconsideration November 8, 1989

## MULTNOMAH PLYWOOD CO.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(88-AB-1610 and 88-AB-1610-A; CA A51159)

781 P2d 1228

Christine T. Herrick, Barrie J. Herbold, and Markowitz, Herbold, Stafford & Glade, P.C., Portland, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, and Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Daniel L. Adams.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

Employer seeks review of an order of the Employment Appeals Board that reversed the referee's decision and awarded claimant benefits. We remand for reconsideration.

Employer has an absenteeism policy under which employes are assessed from one-half to two points for various kinds of tardiness or absence from work. An employe who accumulates eight points is automatically discharged. Claimant was late for work on August 25, 1988, and received one-half point. That brought his total to eight points, and he was discharged. The referee found that the discharge was for misconduct and denied benefits. He noted that the testimony from both parties was conflicting and confusing, but his decision necessarily rejected claimant's explanation that he was actually not tardy on August 25. According to claimant, he did not punch in on time because the number of other employes in front of him in line prevented him from doing so.[1]

EAB accepted claimant's explanation for his late punch-in on August 25 and found, as a result, that it could not conclude that claimant had acted wilfully to violate employer's standards. It found, therefore, that claimant was not discharged for misconduct. Alternatively, EAB stated that, even if the discharge were for misconduct, claimant's failure to appear early enough to punch in on time was an isolated instance of misconduct that did not disqualify him from benefits. OAR 471-30-038(3).

■    EAB's finding that claimant was not guilty of misconduct is based on its rejection of the referee's implicit disbelief of claimant's explanation for his tardiness on August 25. However, EAB does *not* explain its disagreement with the referee on the credibility issue. That failure is error. *Whitney v. Employment Division*, 84 Or App 206, 733 P2d 493 (1987).

■    EAB also did not explain its alternative finding that claimant's tardiness was an isolated instance of misconduct. In the light of the seven and one half points that claimant had amassed *before* August 25 as a result of several "instances,"

---

[1] The referee found that claimant had, in fact, accumulated his eighth point several days before. EAB found that the August 25 incident gave claimant his eighth point, and on review employer does not challenge that finding.

that finding requires explanation. *See City of Grants Pass v. Employment Division,* 94 Or App 328, 765 P2d 237 (1988); *McCann v. OLCC,* 27 Or App 487, 493-94, 556 P2d 973 (1976), *rev den* 277 Or 99 (1977); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975); *see also Mail-Well Envelope Co. v. Emp. Div.,* 98 Or App 271, 779 P2d 178 (1989).

Reversed and remanded for reconsideration.