Argued and submitted September 11, reversed and remanded for reconsideration December 20, 1989

# WADDLES RESTAURANTS, INC.
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

(88-AB-1677; CA A50971)

784 P2d 115

Barrie J. Herbold, Portland, argued the cause for petitioner. With her on the brief were Christine T. Herrick and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Susan L. Johnson.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of an order of the Employment Appeals Board that affirmed the referee's decision that claimant was not disqualified from receiving unemployment benefits. We reverse and remand for reconsideration.

EAB made these findings of fact:

"(1) The claimant worked for this employer from February, 1984, to August 6, 1988, last holding the position of waitress. (2) About the second week of July, 1988, the claimant was warned about tardiness and her disposition. The claimant had problems with some customers and some customers "really liked her." (3) On August 6, 1988, the claimant experienced a problem getting orders out of the kitchen in a timely fashion. A customer was very irate, complaining that it had taken 30 minutes or so to receive his order. The claimant attempted to show him it had not been nearly that long. The customer's anger upset the claimant, who argued briefly, started to cry and left that customer's table. (4) The general manager, who noted that the claimant was excited but could not hear what she said, took the claimant off the floor. The general manager talked to the claimant after she was away from the customer's table, found out what her problem was and calmed her down. The claimant was then allowed to return to her station. (5) Ten or 15 minutes after the claimant had returned to her station, another customer became very upset and the claimant started to cry again. The claimant did not know what to do and went downstairs to the dressing room without telling anyone she would be absent from her work station. (6) The general manager was told that the claimant was not at her station, and when he looked for her, he could not find the claimant. Thinking the claimant had left the premises, the general manager called in two other persons to replace the claimant. (7) The claimant changed out of her uniform, found the general manager, and asked him if he wanted her to work. The general manager told the claimant that he had already called for her replacement, that her conduct had been unexcusable [sic] and she could not return to work. The claimant was told to contact the employer on Wednesday, August 10. (8) The claimant contacted the general manager by telephone later that day, but she was still so upset she could not talk and hung up. A second and third telephone call were placed by the claimant to the general manager asking him if she had lost her job. The general manager did not directly answer the question, but did tell the

claimant that she should look for other work. The claimant reported to the employer's premises on Wednesday, August 10, and when she arrived, she was told the general manager had already left. At that time, the claimant's check had been prepared and she was asked to sign a separation form. (9) The claimant did not return to work thereafter."

EAB concluded that claimant did not voluntarily leave work on August 6. ORS 657.176(2)(c). It stated that she was willing to continue to work but that employer did not allow her to do so and discharged her for leaving her work station without notifying anyone. See OAR 471-30-038(2).[1] It ruled that, although claimant's conduct was a wilful violation of the standards of behavior that an employer has the right to expect, her conduct was only an isolated instance of poor judgment and not disqualifying misconduct connected with her work. ORS 657.176(2)(a); OAR 471-30-038(3).[2]

■ Employer asserts that EAB erred when it concluded that claimant did not voluntarily quit. It argues that EAB mistakenly focused on what occurred after claimant reappeared in her street clothes and that it failed to address whether her earlier act of leaving her station without informing anyone was itself a voluntary departure.

EAB's conclusions must bear a rational relationship to its findings of fact. *Dan McCormack Agency v. Employment Division,* 99 Or App 47, 781 P2d 370 (1989); *City of Grants Pass v. Employment Division,* 94 Or App 328, 331, 765 P2d 237 (1988). It has not adequately explained its conclusion that

---

[1] OAR 471-30-038(2) provides:

"The distinction between voluntary leaving and discharge is:

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work.

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

[2] OAR 471-30-038(3) provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

claimant did not voluntarily quit in view of its finding that claimant left her work station without telling anyone and changed into her street clothes.

■    Employer also asserts that EAB erred when it ruled that employer discharged claimant but not for misconduct connected with her work. Although it ruled that claimant's conduct in leaving her work station was merely an isolated instance of poor judgment, it has not explained how that conclusion bears a rational relationship to its findings that employer had previously warned claimant about her disposition, that on her final day of work she had argued with a customer and had twice cried in front of customers and that, in an upset state, she had left her work station and changed into her street clothes. *See Dan McCormack Agency v. Employment Division, supra; City of Grants Pass v. Employment Division, supra.*

Reversed and remanded for reconsideration.