Argued and submitted September 11, reversed and remanded for reconsideration
December 20, 1989

BURNS BROTHERS, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(89-AB-50; CA A51155)

784 P2d 117

Barrie J. Herbold, Portland, argued the cause for petitioner. With her on the brief were Christine T. Herrick and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Gregory W. Chase.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of an order of the Employment Appeals Board that affirmed the referee's decision that claimant was not disqualified from receiving unemployment benefits. We reverse and remand for reconsideration.

EAB made these findings of fact:

"(1) Claimant worked for this employer from April 22, 1987, to October 11, 1988. At the time he was discharged, claimant was working as a line cook. (2) On the morning of October 11, 1988, claimant opened a can of mushrooms from a case of 24 cans and noted that the mushrooms were spoiled. He opened one or two more cans and found that they were also spoiled. Claimant called this to the attention of the manager who opened some more cans and found that they were spoiled. Between claimant and the manager, six cans were opened and all found to be spoiled and unusable. (3) When the kitchen manager came in, the claimant said 'Those fucking mushrooms are bad.' The kitchen manager then told the claimant to throw them out. The kitchen manager opened another can of the mushrooms, thought they could be served to the customers and put some out for consumption. (5) The claimant then reported to the manager that the kitchen manager had put some of the mushrooms from the case out for customers. The manager pulled the mushrooms back. Claimant then turned to the kitchen manager and said: 'What the fuck, do you ever listen to me?' The kitchen manager then decided to discharge the claimant. Claimant's statements containing the objectionable language were loud enough to be heard by some employees and customers.

"(6) Prior to this incident, the manager had never had problems with the claimant. * * * (7) The kitchen manager had never talked to the claimant about his use of objectionable language. (8) The claimant was discharged on October 11, 1988, because of the incident on that day."

EAB concluded that claimant's use of objectionable language within the hearing of customers was a violation of the standards of behavior that an employer has the right to expect but that, nonetheless, it was an isolated instance of poor judgment and not disqualifying misconduct. OAR 471-30-038(3).[1]

---

[1] OAR 471-30-038(3) provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful

Employer asserts that EAB erred, because there was no substantial evidence to support its finding that the kitchen manager had not previously talked to claimant about his language. *See* ORS 183.482(8)(c). The kitchen manager testified that he warned claimant on September 12 about his use of language, because he had received complaints from waitresses and customers. Claimant denied that the conversation had occurred. The referee found that "[c]laimant had been told once before that he should clean up his language," thereby accepting the kitchen manager's testimony, rejecting claimant's testimony and implicitly finding that he was not credible. The referee concluded, however, that claimant's conduct was mitigated by the danger to customers that use of the mushrooms created and was, therefore, "not quite bad enough" to be misconduct.

EAB reached the same result as the referee, but it did so on different grounds. It rejected the referee's implicit credibility findings. It would have had to explain why claimant's conduct was an isolated instance of poor judgment, if it had adopted the referee's implicit findings that the kitchen manager was credible and that claimant was not. *See City of Grants Pass v. Employment Division,* 94 Or App 328, 765 P2d 237 (1988).

We have held that

"[w]hen rejecting a referee's determination of credibility, EAB must explain its credibility finding by specifically describing why it disagrees with that determination."

*Whitney v. Employment Division,* 84 Or App 206, 210, 733 P2d 493 (1987). Although, in *Whitney,* EAB reversed the referee's decision, the same rule applies when EAB affirms the referee, if rejection of the referee's credibility findings is material to its decision. Without EAB's explanation of its disagreement with the referee, we cannot determine whether there was substantial evidence to support its finding that the kitchen manager

violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

had not previously talked to claimant about his objectionable language. *See Multnomah Plywood Co. v. Employment Division,* 99 Or App 215, 217, 781 P2d 1228 (1989).[2] We cannot, therefore, address whether EAB's conclusion rationally follows from its findings. *See Waddles Restaurant, Inc. v. Employment Div.,* 99 Or App 709, 784 P2d 115 (1989).

Reversed and remanded for reconsideration.

---

[2] Employer also asserts that, even if this was the only incident for which claimant was discharged, it amounted to disqualifying misconduct as a matter of law. The assignment is without merit.