Argued and submitted May 14, reversed and remanded for reconsideration
July 18, 1990

# CORVALLIS TOOL COMPANY,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION
and Nedra D. Sohn,
*Respondents.*

(89-AB-443-A, 89-AB-1551)
(CA A60942 (Control), CA A62961)
(Cases Consolidated for Review)

795 P2d 5576

Peter L. Barnhisel, Corvallis, argued the cause for petitioner. With him on the brief was Fenner, Barnhisel, Willis & Barlow, Corvallis.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Patrick L. Hadlock, Corvallis, waived appearance for respondent Nedra Sohn.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

In this consolidated review, employer seeks review of two orders of the Employment Appeals Board (EAB) that allowed unemployment benefits to claimant. In both cases, we reverse and remand for reconsideration.

In A60942, EAB reversed the referee and concluded that claimant was not discharged for misconduct in connection with her work. ORS 657.176(2)(a).[1] EAB found these facts:

"(1) The claimant worked for the above employer from July 24, 1987, through September 21, 1988. At the time of her discharge, the claimant worked as the office manager. In that position, she was responsible for payroll, accounts payable and accounts receivable. (2) During the length of claimant's employment, she usually worked in excess of 40 hours per week. (3) Beginning in the summer of 1988, the claimant began to work even more overtime hours. In the summer of 1988, the claimant often worked through her lunch hours, worked evenings at the employer's premises and took work home on evenings and weekends. (4) The claimant was supervised by Forrest Stauss and John Holbert. (5) John Holbert knew the claimant had accrued a lot of overtime and suggested that she take half of the amount in wages and half of the amount of the accrued overtime in compensatory time off. (6) The claimant took a vacation in August of 1988, utilizing her comp time as suggested by the employer. (7) On approximately September 15, 1988, the claimant prepared her time-sheet and presented it to Forrest Stauss for his approval. The time sheet prepared by the claimant included payment for a lot of overtime hours previously worked for which claimant

---

[1] ORS 657.176(2) provides, in part:

"An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter, or for an employing unit in this or any other state or Canada or as an employee of the Federal Government, for which remuneration is received which equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred, if the authorized representative designated by the assistant director finds that the individual:

"(a) Has been discharged for misconduct connected with work * * *."

OAR 471-30-038(3) defines misconduct as

"a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment * * * are not misconduct * * *."

had not received either payment or taken time off as compensation. Mr. Stauss told the claimant that he did not want to see the timesheet. (8) Subsequently, Mr. Stauss examined the amount of pay received by the claimant on the September 15 payroll and perceived that the claimant overpaid herself. (9) In preparing her timesheets for the pay period in question, the claimant followed the advice given her by the employer's accountants. (10) Because the employer thought the claimant was cheating on her time, she was discharged on September 21, 1988. (11) At the time of her discharge, the claimant attempted to explain the circumstances, but the employer was unwilling to listen."

EAB found that claimant was credible and concluded that she did not overpay herself or intentionally violate the standards of behavior that an employer had the right to expect.

Employer assigns as error that EAB concluded that claimant was not discharged for misconduct connected with her work. ORS 657.176(2)(a). It asserts that EAB did not adequately explain its rejection of the referee's finding that claimant was not credible, that it failed to address pertinent issues and that, as a result, we cannot meaningfully review EAB's conclusions.

The referee found that claimant's testimony was "not only factually confusing but factually inconsistent" and that employer's testimony was consistent, believable and, in part, documented and "more credible." He concluded that claimant had intentionally misrepresented the amount of overtime that she had worked for the period August 15 through September 15, 1988; that she paid herself for 38 hours of overtime, to most of which she was not entitled; and that her behavior was misconduct within the meaning of OAR 471-30-038(3) and not an isolated instance of poor judgment.

■■    EAB attempted to explain its contrary credibility finding:

"The referee found that the claimant was not credible. We disagree. This matter was remanded for additional testimony. The claimant appeared at the second hearing with witnesses. The employer failed to appear. After the remand hearing, we find the record establishes that the claimant's testimony was factually consistent and not confusing. Based upon our review of the entire record, upon the claimant's uncontroverted testimony in both hearings and upon the employer's failure to

appear and testify at the second hearing, we find the claimant credible."

Employer's failure to appear at the second hearing has no bearing on claimant's credibility. Moreover, EAB did not explain how the record established that claimant's testimony was factually consistent and not confusing in the light of the discrepancies and contradictions that the referee noted. For example, EAB did not address claimant's failure to explain why a paycheck that she issued to herself on September 15 reflected 150 hours of work when her timesheet showed only 130 hours of work or why she took compensatory time as a way of disposing of accrued overtime and also paid herself for the same compensatory time.

When EAB rejects a referee's determination of credibility, it must explain why. *Whitney v. Employment Division,* 84 Or App 206, 210, 733 P2d 493 (1987). EAB did not give a rationale to justify its rejection of the referee's credibility findings. Accordingly, we reverse and remand for reconsideration.

We turn to case number A62961. Claimant was tried on criminal charges arising out of the facts described. She was convicted of theft. Subsequently, an administrative decision determined that claimant's benefits should not be canceled under ORS 657.176(3).[2] A referee affirmed the administrative decision, and EAB affirmed the referee. EAB found these facts:

"(1) Claimant was discharged by the employer on September 21, 1988. The employer notified the police of the reason for the discharge, and asked that the matter be

[2] ORS 657.176(3) provides:

"If the authorized representative designated by the assistant director finds an individual was discharged for misconduct because of the individual's commission of a felony or theft in connection with the individual's work, all benefit rights based on wages earned prior to the date of the discharge shall be canceled if the individual's employer notifies the assistant director of the discharge within 10 days following the notice provided for in ORS 657.265(1) or within 20 days following the notice provided for in ORS 657.265(2), and:

"(a) The individual has admitted commission of the felony or theft to an authorized representative of the assistant director, or

"(b) The individual has signed a written admission of such act and such written admission has been presented to an authorized representative of the assistant director, or

"(c) Such act has resulted in a conviction by a court of competent jurisdiction."

investigated. An investigation ensued. (2) Claimant applied for unemployment insurance benefits. An administrative decision was issued on November 1, 1988, disqualifying claimant from benefits, holding that she had been discharged for misconduct connected with her work. (3) Claimant appealed the decision. (4) Referee Barker held a hearing on December 1, 1988. The claimant appeared on her own behalf at the hearing. The employer was represented by Forrest Stauss. * * * (5) A Referee Decision was issued on December 6, 1988, affirming the administrative decision. * * * (6) Claimant appealed the Referee Decision. The Employment Appeals Board remanded the case for further proceedings. (7) On February 23, 1989, the hearing on remand was held. The parties were all sent notice of the hearing. (8) The employer failed to appear at the remand hearing. The employer did submit some documents prior to the hearing. * * * (9) The Employment Appeals Board, after reviewing the record from both of the hearings, reversed the referee, and found that there was no misconduct. (10) That decision has been appealed to the Oregon Court of Appeals. No decision has been issued. (11) In early 1989, claimant was indicted for theft and a computer crime. These were the identical issues which led to her discharge from employment. (12) In June, 1989, claimant was tried for the criminal charges. She was found guilty of theft, and innocent of the computer crime. Claimant has appealed that decision to the Oregon Court of Appeals."[3]

In affirming the referee, EAB adopted his conclusions and reasons for affirming the administrative decision: (1) An individual's wage credits may not be canceled under ORS 657.176(3) without a finding that the individual was discharged for misconduct under ORS 657.176(2)(a); and (2) the conviction may not be taken into account, because claimant's appeal of her conviction was still pending and, therefore, it was not "final." Employer argues that EAB erred as a matter of law when it failed to conclude that claimant was discharged for misconduct because of the commission of theft in connection with her work under ORS 657.176(3). Employer also assigns error to EAB's conclusion that it could not consider claimant's conviction for theft.

■ ■ EAB erred. Cancellation of benefits under ORS 657.176(3) does not require a prior finding of misconduct

---

[3] The proceeding referred to in findings 2 through 10 is case A60942.

under ORS 657.176(2)(a). It does require a finding of misconduct under ORS 657.176(3). Moreover, EAB should have considered claimant's conviction and should do so on reconsideration, even if it is still on appeal. Conviction by a court of competent jurisdiction, unless the conviction has been reversed, vacated or set aside, is all that the statute requires.

Reversed and remanded for reconsideration.