Submitted on record and petitioner's brief January 24, reversed and remanded for reconsideration August 1, 1990

MELAMINE DECORATIVE LAMINATE, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and James L. Cloer,
*Respondents.*

(89-AB-722; CA A61288)

795 P2d 610

Patrick W. Wade and McGavic & Boyd, P.C., Eugene, filed the brief for petitioner.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent James L. Cloer.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of an Employment Appeals Board order that reversed the referee and granted claimant unemployment benefits. Claimant worked for employer for a year, the last three weeks in a room where a new process for treating paper had been installed. He complained to his supervisor about health problems arising from his exposure to melamine dust and formaldehyde fumes. On his last day, he told his supervisor that he was going to quit. His supervisor told him that, after work, there was going to be a meeting concerning work conditions. Claimant nonetheless quit at the end of the day. He testified that he quit because of health problems.

The referee found that claimant left work because he was dissatisfied with the conditions but that employer was attempting to address the adverse work conditions, and, therefore, that claimant lacked "good cause" to leave. OAR 471-30-038(4). EAB disagreed. It found that claimant's health was affected by the conditions and held that he had left work for good cause because the work was unsuitable. ORS 657.190; OAR 471-30-037(1).

Neither the referee nor EAB made particular findings of credibility. We agree with employer that the referee implicitly disbelieved claimant's testimony as to the health effect of the working conditions and that EAB necessarily believed his testimony. EAB must explain why it disagrees with the referee's credibility determination. *Whitney v. Employment Division,* 84 Or App 206, 733 P2d 493 (1987).[1]

Reversed and remanded for reconsideration.

---

[1] Because of this determination, we do not reach employer's remaining assignments of error.